OPINION
Defendant John E. Goudy appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which overruled his motion for post-conviction relief brought pursuant to R.C. 2953.23. Appellant's pro se brief sets forth three propositions of law which appellant claims the court violated:
 I. EVERY FELONY ACCUSED PERSON IN THE STATE OF OHIO IS ENTITLED TO THE EFFECTIVE ASSISTANCE OF COUNSEL. U.S.C.A. 6; U.S.C.A. 14; OHIO CONST., ARTICLE I, § 10.
 II. EVERY FELONY ACCUSED PERSON IN THE STATE OF OHIO IS ENTITLED TO BE SERVED THEN TRIED UNDER A VALID "A TRUE BILL" INDICTMENT INDORSE BY THE FOREMAN OF THE GRAND JURY-ITS CERTIFICATION OF AUTHENTICATION — TO AN INDICTMENT CONTAINING REQUIRED SUBJECT MATTER JURISDICTION CONCLUDED AGAINST THE PEACE AND DIGNITY OF THE STATE OF OHIO. U.S.C.A. 5; U.S.C.A. 6; U.S.C.A. 14; OHIO CONST., ARTICLE I, § 10; OHIO CONST., ARTICLE IV., § 20.
 III. EVERY FELONY ACCUSED PERSON IN THE STATE OF OHIO IS ENTITLED TO A TRIAL BY A JURY OF HIS PEERS. OHIO CONST., ARTICLE I, § 10, U.S.C.A. 6.
Appellant does not assign a formal assignment of error in his brief.
Appellant was convicted and sentenced in 1963 for armed robbery and larceny. In 1993, appellant unsuccessfully attempted to vacate the judgment against him. In this petition, appellant asserts the indictment in 1963 was defective, depriving the trial court of subject matter jurisdiction. Appellant also argues trial counsel's failure to challenge the defective indictment constituted the ineffective assistance of counsel.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court fashioned a two-pronged test for determining whether an accused received the effective assistance of counsel as provided by the constitution. First, the accused must demonstrate counsel's performance fell below an objective standard of essential duty to his client. The accused must also show that counsel's substandard performance actually prejudiced the accused's ability to receive a fair and reliable trial. The Ohio Supreme Court has adopted the two-prong test, see State v. Bradley
(1989), 42 Ohio St.3d 136.
We have reviewed the indictment, and we find it is not defective. For this reason, we reject appellant's argument the State never invoked the jurisdiction of the court, and we also find appellant was afforded the effective assistance of counsel.
For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Reader, J., concur
 JUDGMENT ENTRY
CASE NO. 97CA30
For the reasons stated in the Memorandum-Opinion on file, the judgment of Court of Common Pleas of Coshocton County, Ohio, is affirmed.